In re **URBAN HEALTH SERVICES, LTD., Debtor.**

**Bankruptcy No. 90 B 9004.**

United States Bankruptcy Court, N.D. Illinois, E.D.

May 4, 1993.

Thomas V. Askounis & Vincent T. Borst, Askounis & Borst, P.C., Chicago, IL, for plaintiff.

Ronald A. Tash and Kenneth N. Adamson, Chicago, IL, for defendant.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Chief Judge.

This matter before the court is the Motion of Day Surgicenter, Inc. ("DSI") to dismiss the Motion to Enforce Settlement Agreement filed by General Electric Company ("GE"). The crux of DSI's Motion is that this court lacks subject matter jurisdiction over GE's claim. For the reasons set forth herein, the court, having considered the pleadings, hereby grants DSI's Motion to dismiss.

In a motion to dismiss, the court must view the facts in the light most favorable to the non-moving party. *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984); *In re Doppelt*, 57 B.R. 124, 127 (Bankr. N.D.Ill.1986). The court should grant a motion to dismiss only if it appears beyond question that the plaintiff can prove no set of facts that would entitle it to relief.

*W.E. O'Neil Construction Co. v. National Union Fire Ins. Co of Pittsburgh*, 721 F.Supp. 984, 986 (N.D.Ill.1986) (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## BACKGROUND

The pertinent facts follow. At all relevant times, GE was a New York corporation doing business in Illinois. Among other things, GE was engaged in the business of selling and leasing medical equipment. On March 27, 1984, Urban Health Services ("Debtor") entered into an agreement with GE to lease medical equipment ("First Lease"). On January 9, 1987, the Debtor entered into a second equipment lease with GE for medical equipment ("Second Lease"). On October 23, 1989, the Debtor and DSI executed a contract under which the Debtor agreed to sell to DSI certain assets including all of the Debtor's right, title and interest in the First Lease and the Second Lease. Pursuant to this contract, DSI assumed all of the Debtor's obligations under the Leases.

On May 15, 1990, the Debtor commenced this Chapter 11 case. Some six months later, certain disputes arose between the Debtor and DSI, and the Debtor initiated an adversary proceeding against DSI on August 30, 1990. On January 30, 1991, this court entered an order ("Order") authorizing the Debtor to compromise these controversies with DSI. Pursuant to the terms of a Settlement Agreement ("Settlement Agreement") and a Contract Modification Agreement ("Modification Agreement"), the Debtor and DSI resolved their differing interpretations of the aforementioned sale contract, reconfirming the sale of the leases. The Debtor agreed to give DSI a final credit for "all obligations on all leases for personal property assumed by [DSI]." DSI, in turn, agreed to hold the Debtor harmless from any obligations due under personal property leases. In addition, "claims against Seller [Debtor] for payments due prior to March 15, 1990 on any personal property lease hereby assumed/assigned shall be submitted to [DSI] for payment and/or settlement."

Paragraph 5 of the Settlement Agreement provided that "[t]he Bankruptcy court shall retain jurisdiction for the purposes of enforcing this Settlement Agreement." Paragraph 7 of the Modification Agreement provided that "as long as the case captioned in (sic) re Urban Health Services, Ltd., No. 90 B 9004 has not been dismissed, the Bankruptcy court shall retain exclusive jurisdiction over any disputes under the Agreement and the Contract Modification Agreement."

The First Lease terminated on May 1, 1989 and GE elected to extend the lease beginning June 1, 1989. There have been no payments on account of the First Lease since the payment due for March 1989. The Second Lease expired on February 1, 1992. There have been no payments made on account of the Second Lease since the payment due for November 1, 1988. On July 19, 1991, GE filed a complaint in the Circuit Court of Cook County against DSI seeking to recover the amounts due under the First Lease and the Second Lease together with late charges, corresponding attorneys fees and all costs and expenses. DSI answered the complaint on October 9, 1991. On December 31, 1991, GE filed its First Amended Complaint and DSI responded on January 26, 1992.

On May 8, 1992, the Debtor filed its objections to the allowance of claims arising under various leases, including the First Lease and the Second Lease. The basis of the Debtor's objection was that such claims were the obligation of DSI and not of the Debtor. GE failed to file a response to the Debtor's objections and on June 22, 1992, this court entered an order disallowing claims arising under the First Lease and the Second Lease.

On December 3, 1993, GE filed its Motion to Enforce Settlement Agreement requesting this court to order DSI to "pay and/or settle all sums due GE arising out of the assignment and assumption of [First Lease] and [Second Lease] ..." On February 4, 1992, DSI filed the present Motion to dismiss. DSI argues that dismissal of this proceeding is appropriate because (i) GE was not a party to the Settlement Agreement it seeks to enforce (ii) no controversy has arisen under the terms of the Settlement Agreement (iii) jurisdiction properly lies in state court because the controversy between DSI and GE arises solely out of two leases governed by state law (iv) GE's motion to enforce settlement agreement is duplicative of the pending state court proceedings.

GE apparently believes that this court has jurisdiction to entertain its request as a result of the court's continuing power to enforce its orders. GE refers the court to the language in the Settlement Agreement and the Modification Agreement reserving jurisdiction in this court and depicts its claim as merely a request to prevent DSI from "skirting its obligations as set forth in the documents incorporated by the [Order]." Additionally, GE argues that this court has jurisdiction because GE is a third party beneficiary of the agreements authorized by the Order.

## DISCUSSION

This court unquestionably retains jurisdiction to enforce its own orders. *See e.g., In the Matter of Xonics*, 813 F.2d 127, 130 (7th Cir.1987) ("Doubtless courts may enforce their own orders."). However, the court has jurisdiction over the dispute between DSI and GE by virtue of its power to enforce the Order only if it is necessary for the court to interpret the Order in order to resolve the controversy. *Matter of Xonics*, 813 F.2d at 130.

The Order authorized the Debtor to settle its various disputes with DSI by way of the Settlement Agreement and the Modification Agreement and ordered the dismissal of DSI as an adversarial defendant. DSI and the Debtor were the only parties to the adversary proceeding leading up to the approval of the Settlement Agreement and the Modification Agreement. The Order does not provide a mechanism for the resolution of disputes between DSI and third parties, and it does not compel any third party to agree to the bankruptcy court as the forum to resolve any such dispute. These agreements provide that this court retains the power to compel the

parties before the court to abide by the terms of the agreements. The dispute between GE and DSI is based on conflicting interpretations of the First Lease and the Second Lease and the rights and obligations of a lessor and lessee under state law. In sum, the rights of DSI and GE vis-a-vis the First Lease and the Second Lease must be resolved without reference to the Order. Therefore, GE may not use the Order as a basis of jurisdiction. *See Matter of Xonics*, 813 F.2d at 130 (bankruptcy court lacks authority where resolution of dispute between nondebtor parties turns on application of state contract law).

■ Regardless of the applicability of the court's inherent power to enforce its orders, GE contends that the Settlement Agreement and the Modification Agreement specifically grant this court authority to resolve the present issue. GE suggests that the fact that the dispute does not involve the Debtor is not conclusive because GE is a third party beneficiary of the Order. However, even assuming that the court intended to retain jurisdiction over disputes between nondebtor parties, the court cannot retain jurisdiction that it does not have.

This court's only basis for subject matter jurisdiction is 28 U.S.C. § 157 which authorizes District Courts to refer all matters within the jurisdictional grant of 28 U.S.C. § 1334 to the Bankruptcy Court for the district.[1] Whether a bankruptcy court has authority to hear a controversy turns on whether the dispute falls within the scope of 28 U.S.C. § 1334. This section provides that "district courts [read bankruptcy courts] shall have original, but not exclusive jurisdiction of all civil proceedings arising under title 11, arising in or related to cases under title 11." Whether there is a basis for jurisdiction under § 1334 is determined by examining the relationship of the instant dispute to the bankruptcy estate, not the relationship of DSI or GE to the estate. *In re Pettibone Corp.*, 135 B.R. 847, 849 (Bankr.N.D.Ill.1992) (citing *In the*

*Matter of Xonics*, 813 F.2d 127, 131 (7th Cir.1987)).

■ It is only necessary to consider whether the dispute between DSI and GE falls under the courts "related to" jurisdiction as this is the court's broadest grant of authority. *In re Spaulding & Co.*, 131 B.R. 84 (N.D.Ill.1990); *see also In the Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). The Seventh Circuit has established a test for determining whether "related to" exists: a controversy is not "related" to the bankruptcy unless its resolution "affects the amount of property available for distribution or the allocation of property among creditors." *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989) (quoting *In the Matter of Xonics*, 813 F.2d 127, 131 (7th Cir.1987)). The appellate court has repeatedly emphasized the need to preserve the jurisdiction of state courts over questions of state law involving persons not party to the bankruptcy. *See, e.g., Home Ins. Co.*, 889 F.2d at 749; *In the Matter of Kubly*, 818 F.2d 643, 645 (7th Cir.1987); *Matter of Xonics*, 813 F.2d at 131. The fact that a dispute has some logical relationship to the bankruptcy case is not sufficient to confer jurisdiction in the bankruptcy court. *Matter of Kubly*, 818 F.2d at 645.

The court must decline to resolve the dispute between DSI and GE because it is not within its jurisdiction. Construing the facts in the light most favorable to GE, application of the Seventh Circuit's standards for determining "related to" jurisdiction requires that this proceeding be dismissed. Resolution of the controversy between DSI and GE will not affect the amount which another creditor will recover from the bankruptcy estate. The court disallowed GE's claim arising under the First Lease and the Second Lease. Therefore, GE does not have a claim against the estate regardless of the outcome of its controversy with DSI.

■ It cannot be said that the dispute between DSI and GE affects property of

---

**1.** In this jurisdiction, rule 2.33 of the Local Rules for the Northern District of Illinois refer

all such matters to this court.

the estate. At the outset of this case, the court might have had jurisdiction over the issues concerning the First and Second Leases arising out of the prior sale of the Debtor's rights under these leases to DSI. These leasehold interests are no longer property of the estate, and jurisdiction does not follow property. It lapses when it leaves the estate. *Matter of Xonics,* 813 F.2d at 131 (citing *In re Chicago, Rock Island & Pacific R.R.,* 794 F.2d 1182, 1186–88 (7th Cir.1986)). It is now the role of the state court to resolve disputes about the effect of the Order on the present controversy. *See Pettibone Corp. v. Easley,* 935 F.2d 120, 123 (7th Cir.1991) ("Disputes about the effect of a decision in one case on the prosecution of another are for the judge presiding in the second case. In the law of preclusion the second court normally determines the effects of the first judge's order."). The dispute between DSI and GE must be resolved in state court because it does not affect the size of the estate and payments to the Debtor's other creditors and it does not affect the administration of the estate.

## CONCLUSION

For the reasons stated above, the Court will grant DSI's Motion to dismiss GE's Motion to Enforce Settlement Agreement.