In re LURIA STEEL AND TRADING
CORPORATION, d/b/a Erman–
Howell Division, Debtor.

William B. GRABSCHEID,
Trustee, Plaintiff,

v.

KNOX METALS CORPORATION,
Defendant.

Bankruptcy No. 91 B 9694.
Adv. No. 93 A 614.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 22, 1994.

Ellis Rosenzweig, Sachnoff & Weaver, Chicago, IL, for trustee.

David R. Carlson, Mora & Baugh, Ltd., Local Counsel, Chicago, IL, Robert Bailey, Frantz McConnel & Seymour, Knoxville, TN, for Knox Metals.

### *MEMORANDUM OPINION*

DAVID H. COAR, Bankruptcy Judge.

The matter before the Court is the motion of Knox Metals Corporation ("Knox" or "Defendant") to dismiss William H. Grabscheid's ("Plaintiff" or "Trustee") adversary complaint to recover preferential transfers pur-

suant to 11 U.S.C. §§ 547(b) and 550(a). Knox contends the statute of limitations set forth in § 546(a)[1] forbids the Trustee from pursuing this action. For the reasons stated herein, the Court denies Knox's Motion to Dismiss.

## SUMMARY OF FACTS

With respect to the Motion To Dismiss, the facts are not disputed. On May 3, 1991, Debtor, Luria Steel and Trading Corp., d/b/a Erman–Howell Division ("Luria") filed its petition for relief under chapter 11 of the Bankruptcy Code. On August 28, 1991, the Plaintiff was appointed the chapter 11 trustee. Subsequently, on October 9, 1991, the case was converted to a chapter 7 case and the Plaintiff was appointed the chapter 7 trustee. On May 21, 1993, the Plaintiff commenced the instant adversary action pursuant to §§ 547(a) and 550(a), to recover payments made to Knox by Luria within the ninety days prior to Luria's filing of its chapter 11 petition. Knox asserts that the two year statute of limitations contained in § 546(a)(1) bars the Trustee from pursuing his complaint.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33 of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(F).

## STANDARDS FOR A MOTION TO DISMISS

 Statute of limitations defenses may properly be raised in either a responsive pleading or in a motion to dismiss. *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 n. 1 (9th Cir.1987). A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him

to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When evaluating a motion to dismiss, the Court must assume that all of the factual allegations in the pleadings are true, and must construe the pleadings and all reasonable inferences which derive therefrom in favor of the nonmoving party. *Prince v. Rescorp Reality,* 940 F.2d 1104, 1106 (7th Cir.1991).

## DISCUSSION

This complaint was filed within two years of the time that the Plaintiff was appointed chapter 11 trustee (the first trustee appointed in this bankruptcy case) but more than two years after the voluntary case was commenced. This is the sequel to this Court's opinion in *Grabscheid v. Denbo Iron Metal, Inc. (In re Luria Steel and Trading Corp.),* 164 B.R. 293 (Bankr.N.D.Ill.1994) ("*Luria I*"). There the complaints were filed more than two years after the Trustee was appointed chapter 11 trustee but less then two years after he was appointed trustee in the converted chapter 7 case. The issue in *Luria I* was whether § 546(a)(1) contemplated a new two year limitations period with each appointment of a trustee in a case or whether there is only one limitations period beginning with the appointment of the first trustee. In deciding that the § 546(a)(1) statute of limitations expired two years after the appointment of the first trustee (regardless of whether the case is later converted under a different chapter of the Bankruptcy Code), the Court expressly refrained from determining whether this limitations period may start even earlier, i.e. on the date the petition was filed and Luria became the debtor-in-possession. *Id.* at 296 n. 3.

Several circuit courts[2] have determined that, in cases where a trustee has not been appointed, the statute of limitations in § 546(a)(1) applies to the debtor-in-possession. However, the holdings in *Zilkha,*

---

1. All Code references are to 11 U.S.C. §§ 101–1330 unless otherwise stated.

2. *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1524 (10th Cir.1990); *Upgrade Corp. v. Government Technology Servs., Inc. (In re Softwaire Centre Int'l., Inc.),* 994 F.2d 682, 684 (9th Cir.1993);

*Construction Management Servs., Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.),* 13 F.3d 81, 86 (3rd Cir.1994); *U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.),* 22 F.3d 37 (2nd Cir.1994).

*Coastal Group,* and *Century Brass* were explicitly limited to chapter 11 cases where a trustee had not been appointed. *Zilkha,* 920 F.2d at 1524 n. 11 ("We take no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis"); *Coastal Group,* 13 F.3d at 86 n. 7 ("We do not need to reach the question of whether a trustee appointed more than two years after the Chapter 11 case began may commence adversary proceedings."); *Century Brass,* 22 F.3d at 41 ("However since no trustee was ever appointed in the present case, we need not decide whether such an appointment might revive a claim that the debtor-in-possession itself would have been barred from bringing."). This unusual reticence on the part of the Courts of Appeal is caused by the consequences of deciding that there is a limitations period applicable to debtors-in-possession. If § 546(a)(1) embodies a policy determination that there is but one limitations period per case, then concluding that there is a limitations period applicable to debtors-in-possession would seem to make § 546(a)(1) superfluous.

■ Knox's Motion to Dismiss forces the Court to address these thorny issues. When interpreting a statute, the natural point of embarkment is the language of the statute itself. *Pennsylvania Dep. of Pub. Welfare v. Davenport,* 495 U.S. 552, 557–58, 110 S.Ct. 2126, 2130–31, 109 L.Ed.2d 588 (1990). Section 546(a) provides that:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). Where a statute is clear on its face, the plain meaning of the language should apply. *Estate of Cowart v. Nicklos Drilling Co.,* — U.S. —, —, 112 S.Ct. 2589, 2594, 120 L.Ed.2d 379 (1992); *United States v. Ron Pair Enterprises,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031–32, 103 L.Ed.2d 290

(1989). A court departs from the literal meaning of a statute only where the literal application of a statute will produce a result demonstratively at odds with the intentions of the drafters. *Ron Pair,* 489 U.S. at 242, 109 S.Ct. at 1030–31. If a court finds no ambiguity in the express language of the statute, then it is bound to apply the statute as written without resort to other tools of interpretation. *Tidwell v. Bank South (In re Denver/Robins Venture Partners, Ltd.),* 166 B.R. 769, 771–72 (M.D.Ga.1994), *citing, Reves v. Ernst & Young,* — U.S. —, —, 113 S.Ct. 1163, 1169, 122 L.Ed.2d 525 (1993).

■ The limitation period of § 546(a) commences with "the appointment of a trustee under section 702, 1104, 1163, 1302 or 1202" of the Bankruptcy Code. Thus, if § 546 was the only relevant statutory provision, this Court would conclude that there was no statute of limitations applicable to debtors-in-possession and that the two year limitations period of § 546(a)(1) began running with the appointment of a trustee.

Under the holding of *Luria I,* that time began when the first trustee was appointed in the chapter 11 case. While a debtor-in-possession may be the functional equivalent of a trustee[3], there is nothing even remotely akin to an appointment event for debtors-in-possession. However, it would be premature to conclude that a debtor-in-possession is not bound by a limitations period. Bankruptcy law is set forth in a Code and, as is often the case in reviewing codes, resort to only one section leads to incorrect conclusions. *Dill v. Dime Savings Bank, FSB (In re Dill),* 163 B.R. 221, 226 (E.D.N.Y.1994) (The Bankruptcy Code's provisions cannot be read in isolation, but must be interpreted in light of the remainder of the statutory scheme.), *citing, United Savings Assoc. v. Timbers of Inwood Forest,* 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). In discussing the rights, powers, and duties of the entity that is the primary actor in chapter 11 cases, the provisions of chapter 11 refer to a "trustee." Yet, the default rule for chapter 11 provides that there will be no trustee, but rather a

---

**3.** *Zilkha,* 920 F.2d at 1524 (debtor-in-possession is the functional equivalent of the trustee as it has all of the rights and powers of the trustee); *Sparmal Enterprises, Inc. v. Industrial Trust Bank of Muncie (In re Sparmal Enterprises, Inc.),* 126 B.R. 559, 561 (Bankr.S.D.Ind.1991).

debtor-in-possession, unless and until the court affirmatively orders the appointment of a trustee.

The powers, rights and duties of the debtor-in-possession are described in § 1107.[4] Among the powers of a trustee conferred in a debtor-in-possession are the avoiding powers of § 547, the preference section. But, § 1107 not only confers rights, powers, and duties to the debtor in possession, it also imposes limitations and conditions on those rights, powers, and duties. For purposes of the issue presently before the Court, the most important limitation is that the powers of the debtor-in-possession are subject to the same limitations as are imposed on trustees. One of the limitations imposed on trustees is the two year limitations period of § 546(a)(1). Therefore, by its terms, § 1107 imposes a two year limitations period on the debtor-in-possession's power to exercise its avoiding powers.

■ Having decided that a limitations period commenced with the creation of the debtor-in-possession, the question remains as to how to integrate the limitations period of § 1107 with that of § 546(a)(1). One possible way to read those provisions is that there is a total of two years within which to bring actions under the avoiding powers, and taken together, §§ 1107 and 546(a)(1) simply mean that regardless of who has the power to exercise those powers, they must do so, if at all, within two years of the commencement of the case. That is how Knox would have this Court read the Code. Knox argues that the rationale of *Luria I* supports its view that the clock began running with the commencement of the case and that once it runs, it runs. Knox asserts that this Court rejected the "new trustee, new two years" approach in *Luria I,* and that it should not matter that the first two years were applicable to a debtor-in-possession rather than a trustee.

Knox misconstrues the holding and rationale of *Luria I.* There the Court held that § 546(a)(1) was ambiguous as to whether there could be only one or several limitations periods. *Luria,* 164 B.R. at 296. For that reason, the court looked to the legislative history and bankruptcy policy to resolve the ambiguity. The legislative history and bankruptcy policy suggested that the statute should be read in a way that minimized the period within which a potential preference defendant had to worry about being sued. In the instant inquiry, the Court finds less ambiguity. If the language of § 1107 and § 546(a)(1) do not expressly provide the answer, the structure of the Code is more illuminating. The fact that the limitations period arise from different sections supports the conclusion that they are independent of each other. *Liebersohn v. Rental Tools Equip. (In re Nelson),* 167 B.R. 1018 (Bankr. E.D.Pa.1994).

But, even if the court concluded that the language of the Code was sufficiently ambiguous to permit a review of policy to decide the issue, it is unlikely that that review would yield the result Knox seeks. Initially, the policy of limiting the exposure of potential preference defendants is not the only policy involved. Implicit in the two year limitations period of § 546(a) is the notion that the trustee should have ample time to investigate the possibility of bringing preference actions and to make an informed judgement as to whether to file an action. In *Luria I,* this Court concluded that it was not necessary to give multiple trustees serial limitations periods in order to investigate or decide whether to bring an action. The Court noted that "to be sure, a chapter 11 trustee may have different incentives than the trustee in a chapter 7 case." *Luria,* 164 B.R. at 296. Still, in *Luria I,* this distinction was insufficient to persuade the Court to read § 546(a)(1) to countenance multiple limitations periods. The Court noted in particular the observation in *In re SSS Enters., Inc.,* 145 B.R. 915 (Bankr.N.D.Ill.1992), that a chapter 11 trustee might be reluctant to vigorously pursue

---

**4.** Section 1107(a) provides that:
 Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensa-

tion under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

potential preference defendants in order to induce those creditors to cooperate in the reorganization efforts. *Luria,* 164 B.R. at 296.

A chapter 11 trustee may wish to postpone or abstain from filing preference actions against creditors whose support may be needed to continue to sell to the debtor on credit or whose votes are needed in order to confirm a plan of reorganization. The trustee also may be motivated by the need to maximize the estate by recovering all available assets. *Luria I* requires the chapter 11 trustee to either decide that, on balance the estate is better off by not pursuing the preference recoveries within the limitations period, or that the repercussions of not filing outweigh the adverse effect of filing. If the trustee miscalculates, *Luria I* denies the trustee relief from the consequences of that miscalculation by way of conversion of the case.

But, debtors-in-possession are not chapter 11 trustees. *In re Denver/Robins Venture Partners,* 166 B.R. 769, 772–73 (1994) (distinguishing between trustees, appointed by the court, and debtors-in-possession, created by operation of law upon the filing of a chapter 11 petition). Despite § 1107's grant to the debtor-in-possession of most of the rights, powers, and duties of a trustee, debtors-in-possession do not behave like trustees. Under § 1104(c), a trustee is an independent, disinterested person. A debtor-in-possession is neither independent nor disinterested. While the trustee may be motivated to forego preference recoveries because the trustee believes that the benefits derived outweigh the losses therefrom, a debtor-in-possession's cost benefit analysis is often more complicated and influenced by real or "potential" conflicts of interest. This Court is reluctant to read the Code in a way that precludes a disinterested review of the debtor-in-possession's nonpursuit of preference actions. Thus, even if a trustee is appointed more than two years after the case was filed (and therefore after the limitations period has ex-

pired for the debtor-in-possession), § 546(a) should be read to afford the first appointed trustee an additional two year period within which to commence avoiding actions. Similarly, if the trustee is appointed within two years of the commencement of the case, the trustee should have the benefit of a full two year period.

It does not offend the concept of a statute of limitations that different plaintiffs may be entitled to bring an action attacking the same transaction at different times. *Iron–Oak Supply Corp. v. NIBCO, Inc. (In re Iron–Oak Supply Corp.),* 162 B.R. 301, 306 (Bankr. C.D.Cal.1993) (allowing the Official Committee to bring 11 U.S.C. § 1123(b)(3)(B) preference action where no trustee has been appointed and the debtor-in-possession was barred by § 546(a)(1)). Statutes of limitations are by their nature arbitrary and their operation does not discriminate between the just and unjust claim, or the voidable and unavoidable delay. *Id.* at 397, *citing, Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 313–314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945).

Accordingly, it is not unreasonable or unjust to subject the creditors of a debtor to multiple statutes of limitations. *Iron–Oak,* 162 B.R. at 307; *Nelson,* 167 B.R. 1018. In *Nelson,* a case with facts identical to the instant case, the court concluded that two separate statute of limitations applied in a chapter 11 case. The first commences at the time the chapter 11 case is filed and flows from the limitations placed upon a debtor-in possession under § 1107 while the other commences upon the appointment of the first trustee under any of the sections referenced in § 546(a). *Id.* at 1022–23. The Court concurs with this result, especially since the language used in § 546(a)(1) could not have been clearer. *Eisen v. Harold Freeman Co. (In re Royal Acquisition Corp.),* 167 B.R. 456 (N.D.Ohio 1994).[5]

Knox's reliance on *Dumas v. Research Testing Lab, Inc. (In re EPI Products USA,*

---

**5.** It may be possible to have a chapter 11 case in which there is never a debtor-in-possession. For instance, in a case commenced as an involuntary case in which an interim trustee is appointed who remains in office pursuant to the order for

relief subsequently entered. In such a case, § 1107 would not come into play and only the limitations period of § 546(a)(1) would be applicable.

*Inc.),* 162 B.R. 1 (Bankr.C.D.Cal.1993), to support its contention that the statute of limitations in § 546(a)(1) is triggered by the filing of a chapter 11 petition, is misplaced. In *EPI Products,* relying on *Zilkha*[6], the court held that the statute of limitations contained in Section 546(a)(1) commenced on the date the chapter 11 petition was filed and not on the date the trustee was appointed. *Id.* at 4.

In its holding, the *EPI Products* court did not address the issue of how § 546(a)(1) would apply to a trustee succeeding a debtor-in-possession. Instead, it focused on whether the debtor-in-possession had the powers of a trustee. In addition, they neglected to address the specific language of § 546(a)(1) or explain their deviation from its the plain meaning. Finally, the court's reliance on *Zilkha* was inappropriate because, as previously discussed, *Zilkha's* holding was limited to chapter 11 cases in which a trustee was not been appointed.

## CONCLUSION

The Court concludes that there are two limitations periods in cases that begin in chapter 11. The first has its origin in § 1107(a) and begins with the order for relief and ends two years later or when the debtor ceases to be the debtor-in-possession (whichever comes first). If a trustee is appointed, a second limitations period commences pursuant to § 546(a)(1) and expires two years after the first trustee is appointed, regardless of whether subsequent trustees are appointed. Because the preference complaint against Knox was filed within the second limitations period, it is timely. Accordingly, the Defendant Knox's Motion to Dismiss is denied. A separate order will be entered pursuant to Fed.R.Bankr.R. 9021.

**6.** *See supra,* note 2.