In re SUPERIOR TOY & MANUFACTUR-
ING CO., INC. a/k/a Carter Manufactur-
ing Company, an Illinois Corporation,
Debtor.

Catherine STEEGE, not individually but
as Trustee for the Estate of Superior
Toy and Manufacturing Co., Inc., Plain-
tiff,

v.

HELMSLEY–SPEAR, INC., Northern
Illinois Gas, et al., Defendants.

Bankruptcy No. 90 B 04481.
Adv. No. 93 A 01695.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 7, 1994.

Kimberly Robinson, Adelman, Gettleman
& Merans, Chicago, IL, for trustee.

Kenneth Noble, Mayer, Brown & Platt,
Chicago, IL, for Northern Illinois Gas, et al.

Eugene Crane, Dannen, Crane, Heyman &
Simon, Chicago, IL, for Helmsley–Spear, Inc.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Chief Judge.

The matter before the Court is the Motion
of Defendants Helmsley–Spear, Inc. and
Northern Illinois Gas (collectively referred to

as "Defendants") to Dismiss Count VII and XI, respectively, of the Plaintiff's Complaint. Catherine Steege, not individually but as Trustee ("Trustee" or "Plaintiff") for the Estate of Superior Toy and Manufacturing Co., Inc. ("Debtor" or "Superior") seeks to avoid certain prepetition payments made by the Debtor to the Defendants as preference payments under § 547(b) of the Bankruptcy Code.[1] The Defendants argue that the statute of limitations contained in § 546(a) began to run at the time the Chapter 11 case was filed and expired prior to the filing of this adversary proceeding. As a result, the Trustee is prohibited from asserting both Counts VII and XI. Conversely, the Trustee states that the § 546(a) statute of limitations does not start running until the appointment a trustee. Since this action was filed within two years of the appointment of the first trustee, it is not barred by § 546(a). For the reasons discussed below, after reviewing the pleadings, the briefs submitted by the parties, and the applicable law, the Court shall deny the Defendants' Motion to Dismiss.

## BACKGROUND

The facts to which the Complaint relate are not relevant, except that the statute of limitations contained in § 546(a) applies to this proceeding because both Counts that the Defendants seek to dismiss were brought pursuant to § 547. What is important are the following dates:

1. December 9, 1990—The Debtor filed its Chapter 11 petition for bankruptcy.
2. December 26, 1991—The Debtor's Chapter 11 petition was converted to a Chapter 7 petition and the first trustee was appointed.[2]
3. December 23, 1993—The Trustee filed her Complaint in this proceeding.

The question before the court is whether the statute of limitations contained in § 546(a) runs from the date the case is filed and the

Debtor became the Debtor–in–Possession, or from the date the first trustee was appointed, or both.[3]

## JURISDICTION

This matter is before the Court pursuant to 28 U.S.C. § 157, and is referred here under Local District Rule 2.33. This court has subject matter jurisdiction and this is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

## STANDARDS FOR A MOTION TO DISMISS

■ The Defendants' Motion to Dismiss is brought pursuant to Fed.R.Civ.P. 12(b)(6) which is made applicable to this adversary proceeding through Fed.R.Bankr.P. 7012. Statute of limitations defenses may properly be raised in either a responsive pleading or in a motion to dismiss. *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 n. 1 (9th Cir.1987). In a motion to dismiss, the court must view the facts in the light most favorable to the non-moving party. *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984). *In re Urban Health Services, Ltd.,* 154 B.R. 486, 487 (Bankr.N.D.Ill.1993). The court should only grant a motion to dismiss if it appears beyond question that the plaintiff can prove no set of facts that would entitle it to relief. *W.E. O'Neil Construction Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 721 F.Supp. 984, 986 (N.D.Ill.1989), *citing, Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## DISCUSSION

I. *The limitations period contained in § 546(a) applies to debtors-in-possession.*

■ Section 546(a) states that:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

---

1. All section references are to the Bankruptcy Code (11 U.S.C. §§ 101–1330), unless otherwise stated.

2. David Liebowitz was the initial Chapter 7 trustee until he resigned on February 19, 1992. Ms. Steege was appointed Trustee on February 26, 1992.

3. As this adversary proceeding was filed within the two year period following the appointment of the first trustee, it is not necessary for the court to address the issue of whether the limitations period begins anew upon the appointment of a successor trustee.

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). The first issue before the court is whether the phrase "appointment of a trustee" includes a debtor-in-possession, even if a trustee is subsequently appointed. In the past five years, five circuit courts have addressed the applicability of § 546(a) to debtors-in-possession in general: *Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway Corp.)*, 27 F.3d 980 (4th Cir.1994); *U.S. Brass & Copper Co. v. Caplan (In re Century Brass Products, Inc.)*, 22 F.3d 37 (2nd Cir.1994) and *United States Lines (S.A.), Inc. v. United States (In re McLean Indus., Inc.)*, 30 F.3d 385 (2nd Cir. 1994); *Construction Management Servs., Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group, Inc.)*, 13 F.3d 81, 86 (3rd Cir.1994); *Upgrade Corp. v. Government Technology Servs., Inc. (In re Softwaire Centre Int'l., Inc.)*, 994 F.2d 682, 684 (9th Cir. 1993); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1524 (10th Cir.1990). With the exception of the Fourth Circuit, each has found that the statute of limitations contained in § 546(a) applies to debtors-in-possession.

Although *Century Brass, Coastal Group, McLean Indus., Softwaire Centre* and *Zilkha* were all cases in which a trustee was not appointed, the cases are nevertheless instructive in determining whether § 546(a) applies to a debtor-in-possession. The explanation for the majority view is that § 1107, the section that grant a debtor-in-possession the power of a trustee, including the right to pursue avoiding actions, also binds a debtor-in-possession to the limitations of a trustee.[4] *Coastal Group*, 13 F.3d at 84; *Century Brass*, 22 F.3d at 39–40; *Zilkha*, 920 F.2d at 1523. One of these limitations is the statute

of limitations contained in § 546(a). For purposes of filing avoidance actions, these courts have found that a debtor-in-possession is the functional equivalent of a trustee and that there is no justification for not binding a debtor-in-possession to the statute of limitations contained in § 546(a). *Coastal Group*, 13 F.3d at 84; *Century Brass*, 22 F.3d at 39–40; *Zilkha*, 920 F.2d at 1524.

The Defendants urge this court to adhere to the majority position that § 546(a) applies to a debtor-in-possession while the Trustee requests that this court adopt the view expressed in *Maxway*, and the majority of the lower courts[5], holding that § 546(a) does not apply to a debtor-in-possession. In *Maxway*, the Fourth Circuit held that the plain language of § 546(a) does not place any time limitations on a debtor-in-possession's right to file an avoiding power action. *Maxway*, 27 F.3d at 983. While agreeing that a debtor-in-possession's authority to recover property under § 547 derives from § 1107, the *Maxway* court eliminated the word "limitations" from the phrase "statute of limitations." Instead, it designated § 546(a) as a "time period in which an action may be commenced." *Id.* at 983–984. If this is not a limitation, the court is unsure what is. Finally, the *Maxway* court reasoned that since an interim trustee, appointed under § 701, is not subject to § 546(a), then neither is a debtor-in-possession. *Maxway*, 27 F.3d at 984. This court rejects that analogy as being too literal an interpretation of § 546(a). *See Harstad v. Egan & Sons Co. (In re Harstad)*, 170 B.R. 666, 669 (D.Minn.1994) (declining to follow *Maxway* ); *But see Crumley v. Tomen America, Inc.*, 170 B.R. 745, 748 (Bankr.N.D.Ga.1994).

■■■ By subjecting trustees appointed under § 702 to the § 546 statute of limitations, applying the maxim expressio unius set exclusio alterius, Congress obviously meant to exclude interim trustees appointed under

---

**4.** Section 1107(a) provides that:
Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties,

except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

**5.** For a partial listing of the numerous decisions finding that § 546(a) does not apply to a debtor-in-possession, *See Maxway*, 27 F.3d at 982.

§ 701. *See In re Cash Currency Exchange, Inc.*, 762 F.2d 542, 551 (7th Cir.1985) (applying this statutory maxim in a bankruptcy case). The same cannot be said of debtors-in-possession. Since Congress gave debtors-in-possession the power of a trustee to bring an avoiding power action, it must have also intended to subject them to the limitations placed on trustees to bring such action. *See Harstad,* 170 B.R. at 669 (that interim trustees are not bound by § 546(a) does not imply that a debtor-in-possession is also not bound). Any other interpretation would render § 546 meaningless with respect to the majority of recovery actions filed in Chapter 11 cases. *Zilkha,* 920 F.2d at 1524. Further evidence that Congress intended § 546(a) to apply to debtors-in-possession can be found in the Bankruptcy Reform Act of 1994 ("Amendments"). Under the Amendments, § 546(a) is modified to read:

> (1) the later of—
>
> > (A) 2 years after the entry of the order for relief; or
> >
> > (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 216, 108 Stat. 4106, 4126. Although not applicable, the court, when deciding the correct interpretation of a statute, may look to recent amendments of a statute for guidance of Congressional intent and the policies it intends to promote. *Farinash v. NationsBank of Tennessee, N.A. (In re John Hicks Oldsmobile–GMC Truck, Inc.),* 174 B.R. 81, 83–84 (Bankr.E.D.Tenn.1994), *citing Morgan Guaranty Trust Co. v. American Savings & Loan Ass'n,* 804 F.2d 1487 (9th Cir.1986), *cert. denied* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987). By starting the

§ 546(a) statute of limitations when the order of relief is entered, as opposed to the appointment of a trustee, it appears clear that Congress intended to bind debtors-in-possession to § 546(a). If this were not the case, then why would Congress have included § 546(a)(1)(B), specifically giving appointed trustees at least one full year from the date of appointment to exercise its avoiding powers, provided that the trustee was appointed within two years from the order of relief? [6]

As previously stated, a trustee was not appointed in any of the circuit court opinions relied upon by the Defendants. However, the reasoning applied in those opinions is equally applicable in cases were a trustee is appointed. After conducting a thorough analysis of the policies behind § 546(a), Bankruptcy Judge Coar [7] recently concluded, regardless of whether a trustee is appointed, by its terms, § 1107 imposes a two year limitation period on a debtor-in-possession's ability to exercise its avoiding power. *Grabscheid v. Knox Metals Corp. (In re Luria Steel and Trading Corp.),* 168 B.R. 913, 915–16 (Bankr.N.D.Ill.1994); *See also Nigro v. Pittsburgh Post–Gazette (In re The Appliance Store, Inc.),* 171 B.R. 525, 527 (Bankr. W.D.Pa.1994) (in a Chapter 11 case that was converted to a Chapter 7 case, the debtor-in-possession was bound by § 546(a)). The analysis in both *Luria* and *Appliance Store* is consistent with the reasoning of the majority of circuit court decisions cited above applying § 546(a) to a debtor-in-possession. This court concurs with that analysis and finds that a debtor-in-possession is subject to the two year limitations period contained in § 546(a)(1), even if a trustee is subsequently appointed.

II. *A new statute of limitations commences with the appointment of the first trustee.*

■ The next question before the court is whether a trustee, who was appointed to

---

**6.** The court acknowledges that a dispute may arise in Chapter 11 cases which are subsequently converted to Chapter 7. Under § 348(a), a new order of relief is issued upon conversion of a case. Therefore the question may become whether "an order of relief" means the first order of relief or any order of relief. *See* Melanie Rovner Cohen, *Limitation on Avoiding Powers Under H.R. 5116,* Bankruptcy Court Decisions, Weekly News and Comment, Nov. 22, 1994, at

A7. Although the court is doubtful Congress intended limitations periods beyond what it defined in the 1994 Amendments, at the present time, it is unnecessary for it to address this question.

**7.** Judge Coar has since been elevated to the District Court of the Northern District of Illinois.

succeed a debtor-in-possession, is bound by the same statute of limitations that applied to the debtor-in-possession or whether, for purposes of § 546(a), a new limitations period begins on the date that the first trustee is appointed. In deciding whether there should be two separate limitations periods in cases where a trustee follows a debtor in possession, the *Luria* court recognized that, while a debtor-in-possession is the functional equivalent of a trustee for certain matters, motivations of the two vary significantly. *Luria,* 168 B.R. at 917. Implicit in the two year limitations period of § 546(a) is the notion that a trustee should have ample time to investigate the possibility of bringing avoidance actions and to make an independent, informed judgement as to whether to do so. *Id.* Failure to grant a trustee such an opportunity would not only render this policy a nullity but also enable a debtor-in-possession to let the statute of limitations lapse without filing avoidance actions.[8] *Id.; Appliance Store,* 171 B.R. at 527 (an unscrupulous debtor-in-possession could delay bringing avoidance actions for almost two years and a subsequently appointed trustee would be precluded from bringing such actions). Consequently, it would not further the policy of the Bankruptcy Code to bind a trustee who succeeds a debtor-in-possession to the same statute of limitations that the debtor-in-possession was bound by.

Under applicable bankruptcy law, the most appropriate solution to the § 546(a) quandary is to allow the first appointed trustee two years from the date of appointment to exercise its avoiding powers. *England v. Nestle Food Co. (In re California Canners and Growers),* 172 B.R. 941, 943 (N.D.Cal.1994) (logical interpretation of § 546(a) is that the statute of limitations begins to run with the filing of a chapter 11 petition unless a trustee has been appointed, whereby it begins to run with the appointment of that trustee); *Gazes*

*v. Kesikrodis (In re Petras Furs, Inc.),* 172 B.R. 170, 175 (Bankr.E.D.N.Y.1994) (§ 546(a) statute of limitations commences upon the appointment of the first trustee); *Luria,* 168 B.R. at 917 (same); *But see Clark Oil and Trading Co. v. Haberbush (In re Sahuaro Petroleum & Asphalt Co.),* 170 B.R. 689, 692 (C.D.Ca.1994) (§ 546 statute of limitations expires two years after the filing of a Chapter 11 petition); *Dumas v. Research Testing Lab, inc. (In re EPI Products USA, Inc.),* 162 B.R. 1 (Bankr.C.D.Cal.1993) (same).

■ One of the obligations of a debtor-in-possession's counsel is to investigate avoiding power actions. Upon discovery of such actions, counsel may be prevented from pursuing such actions because of the predicament of the debtor-in-possession. It may need that creditor's support for its plan of reorganization or it may not want to alienate a primary supplier. Alternatively, the plan, if confirmed, may resolve the avoiding power action. Such would be the case if the plan provided for the full payment of all creditors. Providing the first trustee with a separate statute of limitations is in accord with one of the purposes of appointing a trustee in the first place, that is to allow a totally disinterested person to independently investigate the possibility of bringing avoiding power actions, free from any conflict of purpose that a debtor-in-possession may have. *Ford v. Union Bank (In re San Joaquin Roast Beef),* 7 F.3d 1413, 1416–17 (9th Cir.1993); *Luria,* 168 B.R. at 917. Also, providing the first trustee with a new bite of the apple promotes allowing the debtor to remain in possession.[9]

■ It does not offend the concept of a statute of limitations that different plaintiffs are subject to different statutes of limitations when attacking the same transaction. *Luria,* 168 B.R. at 917 (citations omitted); *Appliance Store,* 171 B.R. at 527. Although two

8. Under the 1994 Amendments, this problem remains, at least to the extent the debtor-in-possession remains in power for two years following the order of relief. *See supra,* note 9 and accompanying text.

9. The court notes that the 1994 Amendments hinders this policy and may necessitate the appointment of an examiner to investigate potential avoiding power actions in chapter 11 cases were

the debtor-in-possession remains in control and the time from the entry of the order of relief approaches two years. Under the Amendments, a future trustee will not be able to recover any preferences or fraudulent conveyances if it was appointed after two years from the entry of the order for relief, as the § 546(a)(1)(A) statute of limitations would have expired.

statute of limitations periods are not ideal or "tidy," *Salem v. Lawrence Lynch Corp. (In re Farrell & Howard Auctioneers, Inc.)*, 172 B.R. 712 (Bankr.D.Mass.1994) (rejecting a dual limitations period as such would not be "tidy"), it is the most appropriate method of allowing the first appointed trustee to carry out the duties assigned to it by Congress.

Further, the 1994 Amendments lend additional support for the court's decision to provide the Trustee with additional time to file avoiding power actions. Under Amendment § 216, if a trustee is appointed within two years of the order for relief, it is granted an additional year to file actions pursuant to its avoiding powers. It appears that Congress acquiesces, at least in part, with the policy arguments made by the Trustee, and those made in cases relied upon by this court, in concluding that the differing motivations of a trustee and a debtor-in-possession justify allowing the first appointed trustee additional time to file avoidance actions.

Therefore, as this action was filed within two years of the appointment of the first trustee, under applicable law, the action was timely filed.

### Conclusion

Accordingly, the Defendants' Motion to Dismiss shall be denied. The Trustee's adversary proceeding was timely filed and the Trustee shall be allowed to proceed.