In re **NATIONAL STEEL SERVICE CENTER, INC.,** Debtor.

Charles C. **CRUMLEY,** Creditor Representative of the Estate of National Steel Service Center, Inc., Plaintiff,

v.

**TOMEN AMERICA, INC.,** Defendant.

Bankruptcy No. A92–62751–SWC.
Adv. No. 94–6127.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 17, 1994.

E. Penn Nicholson, Wendy L. Hagenau, Powell, Goldstein, Frazier & Murphy, Atlanta, GA, for plaintiff.

Alfred S. Lurey, Kilpatrick & Cody, Atlanta, GA, for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is plaintiff's motion to amend complaint. In the original complaint, plaintiff seeks to avoid and recover preferential transfers in the amount of $198,597.08. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). The court will grant plaintiff's motion.

## FACTS

On February 13, 1992, National Steel Service Center, Inc. ("NSSC") filed for bankruptcy protection under Chapter 11. On October 27, 1993, the court confirmed NSSC's First Amended Plan of Reorganization ("Plan"). Under this Plan, plaintiff Charles Crumley was appointed creditor representative of NSSC's estate.

Prior to filing its Chapter 11 petition, NSSC purchased goods on multiple occasions from defendant Tomen America, Inc. ("Tomen"). On February 11, 1994, plaintiff filed this adversary complaint against Tomen to avoid and recover six alleged preferential transfers totalling $198,597.08. In paragraph 8 of the complaint, plaintiff alleges that:

On or about the following dates, all within ninety (90) days of the [p]etition date, NSSC transferred the corresponding amounts to [Tomen]:

| | |
|---|---|
| January 22, 1992 | $54,541.16 |
| January 31, 1992 | $39,122.04 |
| February 5, 1992 | $37,224.00 |
| February 6, 1992 | $18,855.00 |
| February 7, 1992 | $29,999.88 |
| February 10, 1992 | $18,855.00 |

Tomen answered by asserting that the transfers are nonavoidable pursuant to the contemporaneous exchange exception, the ordinary course of business exception, and the new value exception under 11 U.S.C. § 547(c)(1), (2), and (4).

On May 25, 1994, plaintiff filed a motion to amend complaint seeking to delete the original paragraph 8 of the complaint and substitute the following in lieu thereof:

In the ninety (90) days prior to the filing of NSSC's bankruptcy petition, NSSC and Tomen entered into a series of transactions consisting of the transfer of funds and the shipment of goods. During this ninety [90] day period, NSSC made a number of transfers to Tomen totalling $986,-563.19 on account of antecedent debts. After application of all applicable credits and defenses, the net preference received by Tomen is $198,597.08.

Plaintiff also seeks to amend the prayer for relief at subparagraph b to read as follows:

Enter judgment against [Tomen] in the amount of $198,597.08, or such other amount of the total transfers as may be shown at trial to be preferential transfers[.]

On June 28, 1994, Tomen filed an objection to plaintiff's motion to amend complaint to which the parties have filed responsive briefs.

## DISCUSSION

Tomen contends in its objection that the "new" preference claims asserted in the amendment are barred by the statute of limitations set forth in 11 U.S.C. § 546(a) and that such claims do not satisfy the criteria for relating back as set forth in Federal Rule of Civil Procedure 15, made applicable herein by Federal Rule of Bankruptcy Procedure 7015.

Section 546(a) provides that:

(a) [a]n action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

This Chapter 11 case was filed on February 13, 1992, and NSSC continued as a debtor in possession.[1] Plaintiff, in his capacity as creditor representative, filed this adversary complaint on February 11, 1994, less than two years from the filing date of the petition. Plaintiff's present motion to amend the complaint was filed more than two years after the Chapter 11 case filing date.

■ The majority of circuit courts that have considered the issue have held that debtors in possession are subject to the two-year statute of limitations under § 546(a)(1) and that such two-year period begins to run upon the filing of a Chapter 11 petition. *United States Brass & Copper Co. v. Caplan (In re Century Brass Prods. Inc.)*, 22 F.3d 37, 39 (2d Cir.1994); *Construction Management Servs., Inc. v. Manufacturers Hanover Trust Co. (In re Coastal Group Inc.)*, 13 F.3d 81, 86 (3d Cir.1994); *Upgrade Corp. v. Government Technology Servs., Inc. (In re Softwaire Ctr. Int'l, Inc.)*, 994 F.2d 682, 684 (9th Cir.1993); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1525 (10th Cir.1990). Based on their reading of § 1107(a)[2] and its legislative history,[3] these courts concluded that debtors in possession are the functional equivalent of trustees and that § 546(a)(1) applies to them as well as trustees.

However, in the most recent decision on this issue, the Fourth Circuit held that the two-year limitations period begins to run only upon the appointment of one of the trustees specified in § 546(a)(1). *Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway Corp.)*, 27 F.3d 980 (4th Cir.1994). This decision is consistent with the overwhelming majority of district and bankruptcy courts who have concluded that the two-year limitations period does not apply to Chapter 11 debtors in possession. *See e.g., Brin–Mont Chems., Inc. v. Worth Chem. Corp. (In re Brin–Mont Chems., Inc.)*, 154 B.R. 903, 905 (M.D.N.C.1993); *Tidwell v. Bank South, N.A. (In re Denver/Robins Venture Partners, Ltd.)* 166 B.R. 769, 773 (Bankr.M.D.Ga. 1994); *Bonwit Teller, Inc. v. Jewelmasters, Inc. (In re Hooker Investments, Inc.)*, 162 B.R. 426, 437 (Bankr.S.D.N.Y.1993); *Pullman Constr. Indus., Inc. v. National Steel Service Center (In re Pullman Constr. Indus., Inc.)*, 132 B.R. 359, 364 (Bankr.N.D.Ill. 1991). The Eleventh Circuit has yet to address this issue.

■ To determine whether the two-year limitations period applies to debtors in possession, this court looks to the language of § 546(a)(1). "Statutory interpretation begins with an analysis of the language of the statute." *Maxway*, 27 F.3d at 982 (citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985)). "As long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Further, whenever the language of a statute is unambiguous, courts need not go behind its text. *See In re James Cable Partners, L.P.*, 27 F.3d 534 (11th Cir.1994) (citing *U.S. v. Rush*, 874 F.2d 1513, 1515 (11th Cir.1989)).

The Fourth Circuit in *Maxway* concluded that the language of § 546(a)(1) is clear on

---

1. NSSC as a debtor in possession is authorized to exercise powers of a trustee under 11 U.S.C. § 1107(a), with certain non-relevant exceptions.

2. Section 1107(a) provides in pertinent part that:

    (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) ..., of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

3. In the legislative history of § 1107, Congress stated in pertinent part that:

    [t]his section places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to perform the functions and duties of a chapter 11 trustee.... He is also subject to any limitations on a chapter 11 trustee....

S.Rep. No. 95–989, 95th Cong., 2d Sess. 116 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5902.

its face and that it requires an avoidance action to be commenced within two years of the appointment of one of the specified trustees. *Maxway*, 27 F.3d at 982. It further determined that the application of the plain language is consistent "... with the general statutory scheme of functional equivalency established by the language and legislative history of § 1107(a)." *Id.* at 984. The court reasoned that:

[§] 1107(a) confers upon a debtor in possession the power and authority of a Chapter 11 trustee. The operation of § 1107(a) thus provides standing to debtors in possession to seek the avoidance of preferential transfers even though § 547 explicitly refers only to trustees.... However, unlike the remainder of § 546, subsection (a) is not directed at limiting the authority of trustees to recover property. Rather, it establishes the time period within which an action may be commenced under §§ 544, 545, 547, 548, or 553. It provides that *no one* may bring an avoidance action more than two years after their appointment. Thus, by its terms, § 546(a) applies both to trustees and debtors in possession, requiring both to commence an action within the specified time periods. The appointment of the various trustees is merely the starting point from which the clock begins to run in paragraph (1).

*Id.* at 983–84 (emphasis supplied).

The Fourth Circuit rejected the contention that the two-year limitations should begin upon the "appointment" of a debtor in possession on the date the bankruptcy petition is filed. The court noted that both an interim trustee appointed pursuant to 11 U.S.C. § 701 and a debtor in possession, whose trustee powers are conferred pursuant to § 1107(a), are not one of the trustees specified in § 546(a)(1). *Id.* at 983–84. In analyzing the roles of interim trustees and debtors in possession, the Fourth Circuit stated that:

... interim trustees assume the limited role of performing administrative functions and preserving the assets of the estate. Thus, they are not as likely as trustees to

commence avoidance actions. Similarly, debtors in possession are not likely to commence avoidance actions, if for no other reason, because they are normally more interested in preserving relationships with their creditors than in maximizing the size of the estate.

*Id.* at 984 (citation omitted). This lack of incentive to prosecute avoidance actions, in the Fourth Circuit's view, provided another basis for not beginning the two-year limitations period on the date the bankruptcy petition is filed by the debtor in possession. *Id.* at 984–85; *see also Denver/Robins Venture Partners*, 166 B.R. at 774–75; *Hooker Investments*, 162 B.R. at 437.

For the reasons set forth herein, this court follows the Fourth Circuit in *Maxway* and the weight of authority which conclude that under the clear language of § 546(a)(1) the two-year limitations period does not start until the appointment of one of the trustees specified in § 546(a)(1). A debtor in possession is not appointed. Pursuant to § 1101(1), the debtor automatically becomes the debtor in possession upon the filing of the Chapter 11 case. *See 5 Collier on Bankruptcy,* ¶ 1107.02[a] at 1107–11 (15th ed. 1993). While § 1107(a) confers trustee powers upon the debtor in possession, it contains no language of "appointment" and is not mentioned in § 546(a)(1). *See Pullman, supra,* 132 B.R. at 362. Conversely, the trustees specified in § 546(a)(1) are appointed. As noted by Collier, "[§] 1107(a) ... does not equate service of the debtor in possession with the appointment of a trustee for the purposes of [§] 546(a)." *4 Collier on Bankruptcy,* ¶ 546.-02[2] at 546–10–11. Thus, in the present case, the court concludes that the two-year limitations period was not triggered when NSSC filed its Chapter 11 petition and continued as a debtor in possession.

Further, the court notes that this preference action was initiated by plaintiff as the creditor representative appointed pursuant to NSSC's confirmed Plan of reorganization and 11 U.S.C. § 1123(b)(3).[4] Article 6.3 of

---

4. Section 1123(b)(3) states that a plan may provide for the following:

(A) the settlement or adjustment of any claim or interest belonging to the debtor or the estate; or

the Plan provides that all claims and causes of action are vested, for purposes of enforcement and collection, in the creditor representative who has the rights and powers of a trustee appointed pursuant to 11 U.S.C. § 1104 with regard to the initiation and prosecution of any such claims.

The courts are in conflict regarding whether the appointment of a representative under a confirmed plan triggers the two-year limitations period. In *Pate v. Hunt (In re Hunt )*, 136 B.R. 437 (Bankr.N.D.Tex.1991), the court concluded that the two-year limitations period does not apply to debtors in possession upon the filing of the petition. *Id.* at 448. It then determined that such period does not apply to representatives appointed pursuant to a confirmed plan and § 1123(b)(3) because they are not one of the trustees specified under § 546(a)(1). *Id.* at 449; *see also Saccurato v. Shawmut Bank, N.A. (In re Mars Stores, Inc.)*, 150 B.R. 869, 878 (Bankr.D.Mass.1993).

However, in *Gibbons–Grable Assets Disposition Trust v. Water Pollution Control Corp. (In re Gibbons–Grable Co.)*, 142 B.R. 164 (Bankr.N.D.Ohio 1992), the court reached the opposite conclusion. In *Gibbons–Grable*, the confirmed plan created a trust with Lee J. DiCola appointed as trustee.[5] DiCola, as a representative appointed under the plan, was empowered "... to exercise all rights and powers of a trustee serving under the Bankruptcy Code including, but not limited to the rights set forth in §§ 542–555 ...." *Id.* at 165. The court concluded that such representative was neither a debtor in possession nor a trustee appointed pursuant to a specific section of the Code. Because the representative was given all of the rights and powers of a bankruptcy trustee serving under the Code, the court concluded that the two-year limitations period in § 546(a)(1) began to run on the date the representative was appointed. *Id.* at 166.

Lastly, the court in *Iron–Oak Supply Corp. v. Nibco, Inc. (In re Iron–Oak Supply Corp.)*, 162 B.R. 301 (Bankr.E.D.Cal.1993), considered this issue with regard to a representative of the estate appointed pursuant to a confirmed plan and § 1123(b)(3). The estate representative in *Iron–Oak* filed the relevant preference action more than two years after the filing of the bankruptcy petition but within two years of plan confirmation.

That court was confronted with two seemingly conflicting Ninth Circuit decisions with regard to the application of § 546(a)(1). In *Softwaire, supra,* the Ninth Circuit held that a debtor in possession is subject to the two-year limitations period and that such period is triggered by the filing of the petition. Subsequently, in *Ford v. Union Bank (In re San Joaquin Roast Beef )*, 7 F.3d 1413, 1415–16 (9th Cir.1993), the Ninth Circuit concluded without mentioning *Softwaire* that the running of such period is triggered by the appointment of the first trustee. The *San Joaquin Roast Beef* court ignored the fact that the debtor then in possession filed its Chapter 11 petition approximately one year prior to the appointment of the Chapter 11 trustee.

Based on its analysis of those authorities, the *Iron–Oak* court concluded that:

> ... there are two distinct two-year periods for avoiding actions subject to [§] 546(a)(1). A debtor in possession gets two years from the date of filing the case. All trustees get two years from the date the first trustee was appointed.

*Iron–Oak,* 162 B.R. at 306. After noting that no trustee has been appointed to the case and that the two-year period "lies in the future," the court determined that the plan representative was more analogous to a bankruptcy trustee than a debtor in possession. *Iron–Oak,* 162 B.R. at 308–09. Consequently, it concluded that the appointment of a plan representative, "... taken in light of the fact that the alternative to plan confirmation is an order leading to appointment of a trustee (under either [§§] 702 or 1104], rekindles the time for bringing actions that a

---

(B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest.
11 U.S.C. § 1123(b)(3).

5. Originally, DiCola and Gerald P. Gulling were appointed as co-trustees. Subsequently, Gulling resigned from his duties as trustee.

trustee could bring without being time-barred under § 546(a)(1)." *Id.* at 309.

After consideration of these authorities, this court agrees with *Hunt, supra,* and concludes that the two-year limitations period was not triggered by plaintiff's appointment pursuant to NSSC's confirmed Plan and § 1123(b)(3). While empowered with the rights and powers of a trustee appointed pursuant to § 1104, neither a debtor in possession nor a creditor or estate representative is a trustee specifically enumerated in § 546(a)(1). Thus, the two-year limitations period is not applicable. Even though plaintiff's amended complaint would be deemed filed more than two years after the filing of the petition, it is not time barred under § 546(a)(1).

Even if such period was triggered by plaintiff's appointment under the Plan, the filing of the amended complaint would not be time barred. NSSC's Plan was confirmed on October 27, 1993, with plaintiff appointed as the creditor representative of NSSC's estate upon confirmation. Thus, the limitations period would not expire until October of 1995.

■ Pursuant to Rule 15(a), once a responsive pleading is filed "... a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Undue prejudice to the opposing party is the most important factor to be considered in determining whether leave to amend should be granted. *See Bernstein v. Gailey (In re Gailey, Inc.),* 119 B.R. 504, 508 (Bankr. W.D.Pa.1990); *American Gen. Fin., Inc. v. Heath (In re Heath),* 114 B.R. 310, 312 (Bankr.N.D.Ga.1990). This court finds and concludes that Tomen would not be unduly prejudiced by allowing plaintiff to amend his complaint. Because any new claims asserted in plaintiff's amended complaint are not time barred pursuant to § 546(a)(1), it is not necessary for this court to determine whether such claims satisfy the criteria for relating back as set forth in Rule 15(c). Accordingly, it is

**ORDERED** that Tomen's objection is **overruled** and plaintiff's motion to amend complaint is **granted.** Plaintiff shall have fifteen (15) days from the entry of this order to file the amended complaint.

The clerk is directed to serve a copy of this order upon plaintiff's and defendant's counsel.

IT IS SO ORDERED.