In re T.G. MORGAN, INC., Debtor.

John R. STOEBNER, Trustee, Plaintiff,

v.

Craig FRANCO and Pacific Rarities, Inc., Defendants.

Bankruptcy No. 4–92–0578.
Adv. No. 4–94–339.

United States Bankruptcy Court, D. Minnesota.

Dec. 21, 1994.

Gordon B. Conn, Jr., Charles F. Webber, Faegre & Benson, Minneapolis, MN, for plaintiff.

Jane S. Welch, William P. Wassweiler, Rider, Bennett, Egan & Arundel, Minneapolis, MN, for defendants.

### *ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS*

ROBERT J. KRESSEL, Bankruptcy Judge.

This proceeding came on for hearing on the defendants' motion for judgment on the pleadings. Gordon B. Conn, Jr., appeared for the plaintiff. Jane S. Welch appeared for the defendants. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(a) and 1334, Bankruptcy Rule 5005, and Local Rule 201. This is a core proceeding within the meaning of 28 U.S.C. § 157.

### BACKGROUND

The debtor, T.G. Morgan, Inc., is a Minnesota corporation formerly engaged in the business of purchasing and selling rare coins. In August 1991, the Federal Trade Commission brought suit against T.G. Morgan and its president, Michael Blodgett, for violations of the prohibitions against deceptive practices under the Federal Trade Commission Act, 15 U.S.C. § 45(a). On or about December 17, 1991, an interim receiver was appointed who thereafter sold various coins owned by T.G. Morgan.

On January 24, 1992, certain creditors of T.G. Morgan filed an involuntary petition under Chapter 7 bankruptcy. On March 12, 1992, the debtor voluntarily converted the case to a case under Chapter 11 and an order for relief was entered. On May 28, 1992, I converted the case to one under Chapter 7 and the plaintiff was appointed trustee by the United States Trustee.[1] The plaintiff commenced this proceeding on May 27, 1994, asserting that certain transfers made to the defendants by the debtor between September and December 1991 are avoidable preferential or fraudulent transfers pursuant to 11 U.S.C. §§ 544, 547 and 548. The defendants argue that the court should dismiss the plaintiff's avoidance action as it is barred by the two-year statute of limitations found in 11 U.S.C. § 546(a)(1).

### ISSUE

The issue is whether the two-year statute of limitations set forth in 11 U.S.C. § 546(a)(1) begins to run from the date a debtor becomes a debtor in possession or whether it begins to run from the date a trustee is actually appointed. I conclude that the two-year statute of limitations does not begin to run until the appointment of a trustee. As the plaintiff's action was commenced within two years of his appointment as trustee, I find that the plaintiff's avoidance action against the defendant is timely and is not barred by the two-year statute of limitations.

---

1. The actual date of the appointment is not part of the record, but, obviously, it was not earlier than May 28, 1992, and probably some time after May 28.

**I. Judgment on the pleadings may be granted where the moving party has shown beyond a doubt that the nonmoving party cannot provide any set of facts that would entitle him to relief.**

 Federal Rule of Civil Procedure 12(c), which is adopted by Federal Rule of Bankruptcy 7012, provides:

> **Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED.R.CIV.P. 12(c). It is established in this circuit that the standard for reviewing a motion for judgment on the pleadings is the same standard that governs Rule 12(b)(6) motions. *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990). The court should "assume that well-pleaded factual allegations in the complaint are true and 'construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader.'" *Id.* at 1488, quoting *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). Legal conclusions made by the pleader are to be considered but not unquestioningly accepted by the court. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). After the motion is thusly considered, the court should then grant the motion if "it appears beyond doubt that the [nonmoving party] can prove no set of facts which would entitle him to relief." *Westcott,* 901 F.2d at 1489, quoting *Morton,* 793 F.2d at 187.

**II. The plain language of 11 U.S.C. § 546(a)(1) clearly states that the two-year statute of limitations begins to run from the date a trustee is *appointed* and not from the date the debtor becomes a debtor in possession.**

 When interpreting statutory provisions, it is necessary to first analyze the language of the statute itself. *Landreth Timber Co. v. Landreth,* 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985); *Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway Corp.),* 27 F.3d 980, 982 (4th Cir.1994) ("[s]tatutory interpretation necessarily begins with an analysis of the language of the statute"). "In determining the scope of a statute, we look first to its language. If the statutory language is unambiguous, in the absence of 'a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'" *Russello v. United States,* 464 U.S. 16, 20, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983), quoting from *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981), quoting from *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). To understand the statutory scheme, one must, "of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States,* 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). Therefore, courts should seek interpretation outside of the natural reading of the statute only in those instances where:

1. the language is unclear and ambiguous, *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) ("if the language is plain and 'the statutory scheme is coherent and consistent,' there is no need to inquire further");

2. there is a clearly expressed legislative intent to the contrary, *Russello v. United States,* 464 U.S. at 20, 104 S.Ct. at 299;

3. a literal application of the statute would frustrate its purpose, *Griffin v. Oceanic Contractors Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982); or

4. applying the statute literally would result in an absurd conclusion. *United States v. American Trucking Ass'ns,* 310 U.S. 534, 543, 60 S.Ct. 1059, 1063–64, 84 L.Ed. 1345 (1940). *In re Maxway Corp.,* 27 F.3d at

982–83. Section 546(a) of the Bankruptcy Code provides:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a). The plain language of the statute is clear and leaves no room for doubt or confusion. It requires that any avoidance actions brought under sections 544, 545, 547, 548, or 553 be brought either within two years of the *appointment* of a trustee under one of the enumerated provisions or prior to the date of the closing or dismissal of the case, whichever occurs earlier. *In re Maxway Corp.*, 27 F.3d at 983. Here, the operative phrase is "the appointment of a trustee"; the statute of limitations does not begin to run until, and only if, a trustee is appointed. *See Salem v. Lawrence Lynch Corp. (In re Farrell & Howard Auctioneers, Inc.)*, 172 B.R. 712, 714–15 (Bankr. D.Mass.1994) (when the debtor serves as debtor in possession, there is no bar date for commencing avoidance actions other than the date the case is closed).

Case law has addressed this issue in great detail with conflicting results.[2] Recently, the Eighth Circuit ruled on a related issue in *McCuskey v. Central Trailer Services, Ltd.*, 37 F.3d 1329 (8th Cir.1994). There, the debtor operated as a debtor in possession for approximately six months until a Chapter 11 trustee was appointed. Seven months later, the case was converted to Chapter 7 and a Chapter 7 trustee was appointed. The court considered whether the two-year statute of limitations begins to run anew with the appointment of subsequent trustees or whether such trustees are subject to the initial statute of limitations triggered by the appointment of the first trustee. The court held that a plain reading of the statute indicates that the statute of limitations begins to run from the date the first trustee is appointed and does not begin to run anew when subsequent trustees are appointed. *Id.* at 1332 (agreeing that "a plain reading of section 546(a) is that the two-year statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same two-year statute of limitations"). By inference, the Eighth Circuit held that the statute of limitations is not triggered by a debtor in possession but rather by the appointment of a trustee. The court stated in dictum that "[t]here is no dispute in this case that the two-year statute of limitations initially began to run with the appointment of a chapter 11 trustee." *Id.* at 1330.

Nonetheless, the defendants here suggest that the language of § 546(a)(1) requires a different interpretation. They argue that the amendments made to § 546(a) under the Bankruptcy Reform Act of 1994[3], Pub.L. No. 103–394, § 216, although not applicable in this case, are indicative of a congressional

---

**2.** *See e.g., McCuskey v. Central Trailer Services, Ltd.*, 37 F.3d 1329 (8th Cir.1994); *Maurice Sporting Goods, Inc. v. Maxway Corp. (In re Maxway)*, 27 F.3d 980 (4th Cir.1994); *In re Century Brass Products, Inc.*, 22 F.3d 37 (2d Cir.1994); *In re Coastal Group Inc.*, 13 F.3d 81 (3rd Cir.1994); *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir.1993); *In re Softwaire Centre Intern, Inc.*, 994 F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990); *Harstad v. Egan & Sons Company*, 170 B.R. 666 (D.Minn.1994); *Brin–Mont Chems., Inc. v. Worth Chem. Corp. (In re Brin–Mont Chems., Inc.)*, 154 B.R. 903 (M.D.N.C. 1993); *Grabscheid v. Denbo Iron & Metal, Inc. (In re Luria Steel & Trading Corp.)*, 164 B.R. 293 (Bankr.N.D.Ill.1994); *Bonwit Teller, Inc. v. Jewelmasters (In re Hooker Invs., Inc.)*, 162 B.R. 426 (Bankr.S.D.N.Y.1993).

**3.** Under the Bankruptcy Reform Act of 1994, § 546(a) was amended as follows:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
> (1) the later of—
> (A) 2 years after the entry of the order for relief; or
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
> (2) the time the case is closed or dismissed.
> Pub.L. No. 103–394, § 216.

intent to limit a trustee's ability to extend the statute of limitations "far beyond the two years after entry of the first order of relief." [4] (Def.'s Mem.J.Plead. at 6–7). Such an argument distorts the legislative history of the statute. This is clearly demonstrated by subsequent remarks made in the *Congressional Record* by Representative Jack Brooks of Texas to ensure that no such misinterpretation or misunderstanding would be made:

> I would like to make certain clarifications to the section-by-section description I placed in the *Record* during the October 5, 1994 debate concerning H.R. 5116, the Bankruptcy Reform Act of 1994. Attached are descriptions of sections 208 and 216 of that Bill which should be inserted in lieu of the language currently in the *Record*.
>
> \* \* \* \* \* \*
>
> Section 216. Limitation of avoiding powers.
>
> This section defines the applicable statute of limitation period under section 546(a)(1) of the Bankruptcy Code as being two years from the entry of an order of relief or one year after the appointment of the first trustee if such appointment occurs before the expiration of the original two-year period. *Adoption of this change is not intended to create any negative inference or implication regarding the status of current law or interpretations of section 546(a)(1).*

140 Cong.Rec. E2204–01 (1994) (emphasis added). Furthermore, even if the 1994 amendment of § 546(a)(1) indicates a congressional desire to change the present application of § 546(a)(1) under the Bankruptcy Code, it applies only to *future* applications of the section, i.e. actions filed on or after October 22, 1994; it is not a statement or a

reflection on past or present applications of the section.

### III. For purposes of 11 U.S.C. § 546(a)(1), a debtor in possession is not an appointed trustee; thus, the statute of limitations is not triggered when a debtor becomes a debtor in possession.

The defendants further argue that, as § 1107(a) empowers a debtor in possession with all the rights of an appointed trustee, the § 546(a)(1) statute of limitations applies equally to a debtor in possession, which would, therefore, have begun to run in this case upon the debtor's conversion from an involuntary case under Chapter 7 to a voluntary case under Chapter 11.[5] Put plainly, the defendants contend that, for purposes of determining the triggering event of the § 546(a)(1) statute of limitations, the term, "trustee", includes a debtor in possession and the creation of a Chapter 11 debtor in possession is equivalent to the appointment of a Chapter 11 trustee. I believe that the defendants' argument misconstrues the function and application of § 1107(a).

> Section 1107(a) provides:
>
> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties except the duties specified in sections 1106(a)(2), (3) and (4) of this title, of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a). By its terms, § 1107(a) "places the debtor in possession in the shoes of a trustee." S.Rep. No. 95–989, 95th Cong., 2d Sess. 116 (1978). The resulting application of § 1107(a) is that, with specific

---

**4.** The defendants rely on a description by Representative Jack Brooks of the amendment to § 546(a)(1) in the Bankruptcy Reform Act of 1994 which states:

> [The amendment] clarifies section 546(a)(1) of the Bankruptcy Code which imposes a 2–year statute of limitations within which an appointed trustee must bring an avoidance action.

H.R. 5116, 103rd Cong., 2d Sess. § 216, 140 Cong.Rec. H10752–01 (1994).

**5.** The defendants cite several cases in support of their position: *In re Century Brass Products, Inc.,* 22 F.3d 37 (2d Cir.1994); *In re Coastal Group Inc.,* 13 F.3d 81 (3rd Cir.1994); *In re Softwaire Centre Intern, Inc.,* 994 F.2d 682 (9th Cir.1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520 (10th Cir.1990); *Harstad v. Egan & Sons Company,* 170 B.R. 666 (D.Minn.1994).

exceptions, it provides the debtor in possession with the powers, rights, duties, authority and limitations put upon a Chapter 11 trustee even though the pertinent Code sections refer explicitly to trustees. *See In re Maxway Corp.,* 27 F.3d at 983.

Subsection (a) of § 546 differs from the other Code sections referring to trustees as it does not speak to the authority and duties of a trustee. Rather, it establishes the time limitations during which either a trustee or a debtor in possession may commence an action under §§ 544, 545, 547, 548 or 553. The phrase "appointment of a trustee" is the catalyst that triggers the statute of limitations. If there is no "appointment of a trustee", the statute of limitations is not triggered and the clock does not begin to run. *See McCuskey,* 37 F.3d at 1332; *In re Maxway,* 27 F.3d at 983–84; *In re Farrell & Howard Auctioneers,* 172 B.R. at 714 (the term, "appointment of a trustee" means something other than the voluntary filing of a Chapter 11 petition); *Crumley v. Tomen America (In re National Steel Service Center, Inc.),* 170 B.R. 745, 748 (Bankr.N.D.Ga.1994).

A debtor in possession, unlike a trustee, is not ever appointed; there is no appointment process for the creation of a debtor in possession equivalent to that for the appointment of a trustee. Rather, a debtor in possession entity is automatically created upon the filing, voluntary or involuntary, of a bankruptcy case under Chapter 11. The creation of a debtor in possession is not the same as the appointment of a trustee, and to imply that they are is a distortion of the Bankruptcy Code.

Furthermore, even if I assume, arguendo, that the creation of a debtor in possession is synonymous with the appointment of a trustee, the statute of limitations would not be triggered because any such appointment would not be under one of the sections enumerated in § 546(a). Section 1107(a), which empowers the debtor in possession with the authority and duties of a trustee, is not specified in § 546(a). Thus, even if a debtor in possession acquires appointed trustee status through § 1107(a), such an "appointed trustee" would not be subject to the statute of limitations under § 546(a)(1).

There is sound policy reason for the Bankruptcy Code's differentiation between debtor in possession status and trustee status. Foremost is the fact that these two entities do not have the same incentives and considerations in pursuing avoidance actions. A debtor in possession's primary concern is preserving the business and keeping it operating; thus, it is often not in the best interest of the debtor in possession to pursue avoidance actions which may isolate and alienate creditors whose support is vital to the reorganization of the business and whose votes the debtor in possession may need to solicit in order to confirm a plan. *See McCuskey,* 37 F.3d at 1331; *In re Maxway,* 27 F.3d at 984; *In re Farrell & Howard Auctioneers, Inc.,* 172 B.R. at 715; *In re National Steel Service Center, Inc.,* 170 B.R. at 748. *See also Katon v. International Bank of Miami, N.A. (In re Tamiami Range & Gun Shop, Inc.),* 130 B.R. 617, 619 (Bankr.S.D.Fla.1991) (recognizing that a debtor in possession may intentionally delay a Chapter 11 administration beyond the two-year statute of limitations without pursuing an avoidance action so as to bar action against family or friends). A trustee, whose primary concern is maximizing the estate, is not weighted down by such concerns and is more likely to pursue avoidance actions. Accordingly, a debtor in possession's potential lack of incentive to initiate avoidance actions provides a persuasive basis for not triggering the two-year statute of limitations period on the date the debtor becomes a debtor in possession but rather from the date a trustee is appointed. *In re National Steel Service Center, Inc.,* 170 B.R. at 748.

### CONCLUSION

The plain, literal reading of 11 U.S.C. § 546(a) indicates that the two-year statute of limitations is not triggered and does not begin to run until an actual trustee is appointed under one of the enumerated sections. Furthermore, the interaction of § 1107(a) and § 546(a)(1) does not change this reading; the operative term, "appointment of a trustee", means just that; it does not evolve into "appointment of a debtor in possession" upon the filing of a petition un-

der Chapter 11. Rather, it is there solely to define the catalyst that starts the running of the statute of limitations. For these reasons and the others set forth herein, I conclude that, in the matter at hand, the statute of limitations did not begin to run upon the conversion of the case to a Chapter 11 case but rather upon the appointment of the Chapter 7 trustee. Therefore, the plaintiff's complaint is timely and not barred by the § 546(a)(1) statute of limitations.

THEREFORE, IT IS ORDERED THAT: The defendant's motion for judgment on the pleadings is denied.