### In re MIDWAY INDUSTRIAL CONTRACTORS, INC., Debtor.

### MIDWAY INDUSTRIAL CONTRACTORS, INC., Plaintiff,

v.

### AMERON PROTECTIVE COATINGS, A DIVISION OF AMERON, INC., a California Corporation, Defendant.

Bankruptcy Nos. 92 B 13149, 94 A 1241.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

July 13, 1995.

Walter E. Trittipo, Hough & Cook, Chicago, IL, for debtor/plaintiff.

Elizabeth Hoskins Dow, Lord, Bissell & Brook, Chicago, IL, for defendant.

## MEMORANDUM OPINION

SUSAN PIERSON SONDERBY, Bankruptcy Judge.

This opinion addresses the issue of whether a debtor in possession is bound by the two-year statute of limitations period contained in 11 U.S.C. § 546 of the Bankruptcy Code. Numerous courts have addressed this issue with conflicting results. Taking into consideration the plain language of the Bankruptcy Code, the Bankruptcy Reform Act of 1994, and the arguments made in the parties' papers, the Court finds that the statute of limitations is triggered by the appointment of a trustee and does not apply to a debtor in possession.

## FACTS

The facts are not in dispute. Midway Industrial Contractors, Inc. ("Debtor") is engaged in the commercial and industrial painting business. On June 11, 1992, the Debtor filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code, and has continued to act as a debtor in possession. On July 12, 1994, slightly two years after the petition date, the Debtor filed an adversary proceeding seeking to avoid certain alleged preferential payments to Ameron Protective Coatings ("Ameron"). Subsequently, Ameron presented a motion to dismiss the Debtor's complaint. Ameron argues that since the Debtor filed its complaint more than two years after the bankruptcy filing, the complaint is time barred pursuant to Section 546 of the Bankruptcy Code.[1]

## ANALYSIS

The issue of whether a debtor in possession is bound by the two-year statute of limitations contained in Section 546 is ground that has been well traveled. Section 546 provides that an action pursuant to Sections 544, 545, 547, 548, or 553 of the Bankruptcy Code may not be commenced more than two

---

1. The Court notes with some concern that Ameron's brief does not make any specific arguments as to the applicability of Section 546 to debtors in possession. Rather, Ameron states that the "complaint is barred by the statute of limitation pursuant to Section 546(a)(1) of the Bankruptcy Code and therefore, should be dismissed" [citations omitted] without any further discussion. Further, Ameron waived its right to file a brief in reply to the Debtor's Memorandum in Opposition to Ameron's Motion to Dismiss.

years after the appointment of a trustee. Construing the plain language of Section 546, the Fourth Circuit adheres to the view that the two-year statute of limitations commences upon the appointment of a trustee.[2] *In re Maxway Corp.*, 27 F.3d 980 (4th Cir. 1994), *cert. denied*, — U.S. —, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994). The Second, Third, and Tenth Circuits have found that the debtor in possession is the functional equivalent of a Trustee and therefore is equally bound by the two-year limitation period. *In re McLean Industries, Inc.*, 30 F.3d 385 (2nd Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 934, 130 L.Ed.2d 880 (1995); *In re Coastal Group, Inc.*, 13 F.3d 81 (3rd Cir.1994); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990). It is arguable that the Ninth Circuit has gone both ways. In a conversion case where there was a Chapter 11 trustee and a Chapter 7 trustee, the Court of Appeals held that the two-year time period ran from the appointment of the first trustee, not from the time the bankruptcy case was commenced. *In re San Joaquin Roast Beef*, 7 F.3d 1413 (9th Cir.1993). However, in *In re Softwaire Centre Interna-*

*tional, Inc.*, the Ninth Circuit held that Section 546 binds debtors in possession to a two-year statute of limitations period. 994 F.2d 682 (9th Cir.1993).

Although the Seventh Circuit has not addressed the issue, the Bankruptcy Courts in the Northern District of Illinois reflect the split in the Courts of Appeals. *Compare In re Pullman Construction Industries, Inc.*, 132 B.R. 359 (Bankr.N.D.Ill.1991) (Finding the debtor in possession is not bound by the two-year time period in Section 546) *with In re Luria Steel and Trading Corp.*, 168 B.R. 913 (Bankr.N.D.Ill.1994); *In re Superior Toy & Mfg. Co., Inc.*, 175 B.R. 693 (Bankr.N.D.Ill. 1994) (Both finding a debtor in possession must file a preference adversary within two years of the filing of the bankruptcy case). Looking to the plain language of Section 546, the majority of the bankruptcy and district courts as well as two noted bankruptcy treatises have held that the two-year statute of limitations does not apply to a debtor in possession.[3] This Court finds the plain language view more compelling.

**2.** Arguably, the Eighth Circuit also follows the view that the limitation period is activated upon the appointment of a trustee. In *McCuskey v. Central Trailer Services, Ltd.*, 37 F.3d 1329 (8th Cir.1994), the Debtor filed a Chapter 11 case, and several months later a Chapter 11 trustee was appointed. The case was converted and a Chapter 7 trustee was appointed. The Eighth Circuit held that a plain language reading of section 546(a) is that the two-year statute of limitations begins running from the date the Chapter 11 trustee is appointed. By inference, the Eighth Circuit found that the statute of limitations is triggered by the appointment of a trustee. *T.G. Morgan*, 175 B.R. at 705.

**3.** *See In re Farrell & Howard Auctioneers, Inc.*, 172 B.R. 712 (Bankr.D.Mass.1994); *In re Mars Stores, Inc.*, 150 B.R. 869 (Bankr.D.Mass.1993); *In re Brin Mont Chemicals, Inc.*, 154 B.R. 903 (M.D.N.C.1993); *In re Anton Motors, Inc.*, 177 B.R. 58 (Bankr.D.Md.1995); *In re AAM, Inc.* 1994 WL 282508 (Bankr.E.D.Va.1994); *In re Cardullo*, 142 B.R. 138 (Bankr.E.D.Va.1992); *In re Hunt*, 136 B.R. 437 (Bankr.N.D.Tex.1991); *In re Topcor, Inc.*, 132 B.R. 119 (Bankr.N.D.Tex. 1991); *Matter of Everlock Fastening Systems, Inc.*, 1993 WL 739640 (Bankr.E.D.Mich.1993); *In re Britton*, 66 B.R. 572 (Bankr.E.D.Mich. 1986); *Matter of Silver Mill Frozen Foods, Inc.*, 23 B.R. 179 (Bankr.W.D.Mich.1982); *In re Revco D.S., Inc.*, 118 B.R. 468 (Bankr.N.D.Ohio 1990); *In re Pullman Construction Industries, Inc.*, 132

B.R. 359 (Bankr.N.D.Ill.1991); *In re T.G. Morgan, Inc.*, 175 B.R. 702 (Bankr.D.Minn.1994); *In re Electrical Materials Company*, 160 B.R. 1018 (Bankr.W.D.Mo.1993); *In re National Steel Service Center, Inc.*, 170 B.R. 745 (Bankr.N.D.Ga. 1994); *In re Denver/Robins Venture Partners, Ltd.*, 166 B.R. 769 (Bankr.N.D.Ga.1994); *Matter of Freedom Ford, Inc.*, 140 B.R. 585 (Bankr. M.D.Fla.1992); *In re Tamiami Range & Gun Shop, Inc.*, 130 B.R. 617 (Bankr.S.D.Fla.1991); *In re Farrell & Howard Auctioneers, Inc.*, 172 B.R. 712 (Bankr.D.Mass.1994); *In re Peterson Distributing, Inc.*, 176 B.R. 584 (Bankr.D.Utah 1995); 4 *Collier on Bankruptcy*, ¶ 546.02 at 546–10 (15th Ed.1994); 3 *Norton Bankruptcy Law and Practice*, § 56:1 at 56–2–4 (2d ed.1994). *Contra In re Harry Levin, Inc.*, 175 B.R. 560 (Bankr.E.D.Pa.1994); *In re Calvanese*, 169 B.R. 104 (Bankr.E.D.Pa.1994); *In re Hupp Industries, Inc.*, 165 B.R. 836 (Bankr.N.D.Ohio 1994); *In re Lill*, 116 B.R. 543 (Bankr.N.D.Ohio 1990); *In re Iron–Oak Supply Corp.*, 162 B.R. 301 (Bankr. E.D.Cal.1993); *In re EPI Products, USA, Inc.*, 162 B.R. 1 (Bankr.C.D.Cal.1993); *In re Amdura Corp.*, 142 B.R. 433 (Bankr.D.Colo.1992); *In re Luria Steel and Trading Corp.*, 168 B.R. 913 (Bankr.N.D.Ill.1994); *In re Superior Toy & Manufacturing Co., Inc.*, 175 B.R. 693 (Bankr.N.D.Ill. 1994); *In re Dryland Marina, Inc.*, 180 B.R. 487 (Bankr.W.D.Mich.1995); *In re Millers Cove Energy Co., Inc.*, 179 B.R. 77 (Bankr.E.D.Tenn.1995); *Sparmal Enterprises, Inc. v. Moffit Realty Corp.*, 126 B.R. 559 (D.Ind.1991).

### Plain Language of Section 546

■ The starting point for interpreting Section 546 is the language of the statute itself. *See Consumer Product Safety Commission v. G.T.E. Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Section 546(a) states in pertinent part:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> > (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
> >
> > (2) the time the case is closed or dismissed.

Section 546 is clear in stating that the two-year limitation applies to the earlier of two years after the appointment of a trustee or the time the case is closed or dismissed. On its face, Section 546 does not include a debtor in possession, but instead it refers to the appointment of a trustee. A debtor in possession is not appointed in a Chapter 11 case. When a Chapter 11 case is filed, the corporation or individual automatically becomes the debtor in possession. Section 546 also refers to specific sections in the Bankruptcy Code, namely Sections 544, 545, 547, 548, or 553. Each of those code sections specifically refers to trustees. Therefore, pursuant to the plain language of the Bankruptcy Code, the Court finds for the purposes of Section 546(a), the Debtor is not barred from pursuing its cause of action.

The courts which take a contrary view look to the language contained in Section 1107.[4] Section 1107 states that a debtor in possession is subject to the limitations and duties of a trustee. The argument is that one of those limitations is the statute of limitations found in Section 546 which bars trustees from bringing avoidance actions two years after their appointment. Courts adhering to this view find that Congress did not intend to limit actions filed by a trustee to two years without requiring the same limitation for a debtor in possession. *Zilkha Energy,* 920

F.2d at 1524; *Softwaire Centre,* 994 F.2d at 683.

This Court is not convinced that section 1107 refers to the statute of limitations in Section 546. Section 1107 is nowhere mentioned in Section 546. If Congress had chosen, it could have cross referenced to Section 1107. *In re Brin Mont Chemicals, Inc.,* 154 B.R. 903, 906 (M.D.N.C.1993). If the Court were to read Section 1107 into Section 546, this Court would be rendering meaningless the language in Section 546 which states that a cause of action may not be commenced two years "after the appointment of a trustee". The Court will not trump one section of the Bankruptcy Code over another without a clear expression from Congress.

■ The Supreme Court's edict on statutory interpretation is in accord with this Court's analysis. In directing courts to construe the language of a statute, the Supreme Court has repeatedly directed that the plain meaning of the legislation should control with certain limited exceptions. Courts should venture beyond the plain meaning of the statute only in those rare cases:

1.  in which a literal application will produce a result demonstrably at odds with the intention of its drafters. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989);

2.  in which a literal application of the statute would thwart its obvious purposes. *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982); or

3.  in which a literal application of the statute would produce an absurd result. *United States v. American Trucking Ass'ns.,* 310 U.S. 534, 543, 60 S.Ct. 1059, 1063–64, 84 L.Ed. 1345 (1940).

*See e.g., Maxway,* 27 F.3d at 982–83. In this case, there is no conclusive legislative history, and there is certainly no clearly expressed legislative intent which requires

---

4. Section 1107 provides:
   Subject to any limitations on a trustee serving in a case under this chapter ... a debtor in possession shall have all the rights ... and

powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter.
11 U.S.C. § 1107.

debtors in possession to be bound by Section 546. Advocates of reading Section 1107 into Section 546 often cite the legislative history of Section 1107 to suggest that the debtor in possession is bound by Section 546:

> This section places a debtor in possession in the shoes of a trustee in every way ... He is required to perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee, and to such other limitations and conditions as the court prescribes.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 404 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 116 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5902, 6360.

■ There are two problems with analyzing the legislative history of Section 1107. First, courts are applying the legislative history of one section of the Bankruptcy Code in order to determine the meaning of another section of the Bankruptcy Code. Even if the legislative history is reviewed, the pertinent legislative history would be from Section 546. Second, when there is a conflict between the statute and the legislative history, the statute prevails. *Matter of Sinclair*, 870 F.2d 1340 (7th Cir.1989). In *Sinclair*, a husband and wife who owned a family farm filed a petition pursuant to Chapter 11 of the Bankruptcy Code in 1985. In 1986, Congress added Chapter 12 providing reorganization specifically for family farmers. The amendments provided that they would not "apply with respect to cases commenced under title 11 of the United States Code before the effective date of [the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986]." The legislative history, on the other hand, stated that conversion to Chapter 12 was possible when the court carefully scrutinized the equities of the situation. The Seventh Circuit found that because there was a conflict between the legislative history and the statute, the statute prevailed.

The Seventh Circuit warned that the legislative history of a statute is not the law, rather the statute itself is the law. Since what is considered the plain language of the statute may vary from reader to reader, the [l]egislative history may show the meaning of the texts—may show, indeed, that a text "plain" at first reading has a strikingly different meaning—but may not be used to show an "intent" at variance with the meaning of the text.

*Id.* at 1344. Consequently, the Court of Appeals barred the debtors from converting their case since it would controvert the plain language of the statute. In this case, due to the fact that the legislative history of Section 1107 is in direct conflict with the plain language of Section 546, the Court finds that the legislative history of Section 1107 is inapplicable.

Further, the Court finds applying the statute pursuant to its plain terms does not produce an absurd result or thwart its obvious purposes. A two-year limitation period on a debtor in possession places an onerous burden on the reorganization effort of the debtor in possession. That burden does not apply to a trustee who is appointed in a Chapter 11 case due to the different roles the debtor in possession and the trustee play. The appointment of a trustee in a Chapter 11 case often means a failure by the debtor in possession requiring a trustee's help. Once the debtor in possession has failed to successfully reorganize, a trustee must act quickly to protect the debtor's unsecured creditors by exercising the trustee's rights to obtain the return of the debtor's property.

Debtors in possession have different goals from those of Chapter 11 trustees. In *Maxway*, the Fourth Circuit stated that:

> [D]ebtors in possession are not likely to commence avoidance actions, if for no other reason, because they are normally more interested in preserving relationships with their creditors than in maximizing the size of the estate.

27 F.3d at 984. If a debtor in possession pursued all preference actions, it would most likely isolate and offend creditors which the debtor needs for financing and supplies, and creditors to whom it may be obliged to return for credit after confirmation. *McCuskey*, 37 F.3d at 1331. Most importantly, upon filing a plan the Debtor will be seeking the acquiescence of all of its creditors.

Equating a debtor in possession with a trustee under § 546(a) ignores the reality of reorganization. Such a reading would force debtors in possession to sue the very creditors with whom they are trying to negotiate and from whom they are attempting to get credit. This would compel the issue of preferences to the forefront prematurely and impede rather than aid the formulation of a consensual plan of reorganization.

*Pullman,* 132 B.R. at 361. To the extent the debtor files a cause of action to recover money from those creditors, their affirmative vote for the debtors plan is unlikely. *Id.* Further, a debtor may adequately deal with preference recoveries in a plan of reorganization by offsetting the preference payments against any payment made pursuant to the plan. *In re Afco Development Corp.,* 65 B.R. 781, 786 (Bankr.D.Utah 1986). Consequently, debtors in possession have far less incentive to exercise their rights to set aside preferential transfers than trustees.

In *Pullman,* the Court expressly recognized the different functions of a debtor in possession and a trustee and refused to extend Section 546 beyond the plain reading of the statute. The creditor in *Pullman* sought an interlocutory appeal so that the district court could render an opinion on the Section 546 issue. *In re Pullman Construction Industries, Inc.,* 143 B.R. 497 (N.D.Ill.1992). The District Court denied the interlocutory appeal and found that the view of the creditor was not "supported by the wording of § 546(a), the structure of the Bankruptcy Code, the legislative history of the statute, or logic." *Id.* at 499.

Similarly, in *In re SSS Enterprises, Inc.,* 145 B.R. 915 (Bankr.N.D.Ill.1992), Judge Robert Ginsberg recognized the key distinctions between and dissimilar functions of a Chapter 11 trustee and a Chapter 7 trustee. In that case, the issue was whether a second trustee provided an additional two-year limitation period pursuant to Section 546 when the case was converted from Chapter 11 to Chapter 7. The Court found that a Chapter 11 trustee and a Chapter 7 trustee may have different roles in the estate and consequently

have different views as to whether the trustee's avoiding powers should be exercised:

a Chapter 11 trustee may find it appropriate to not sue a potential preference or fraudulent conveyance defendant in order to induce that potential defendant to continue to fund a reorganization effort. That motivation disappears when the case is converted to one under Chapter 7.

*SSS Enterprises,* 145 B.R. at 919. The *SSS Enterprises* court held that upon the appointment of a Chapter 7 trustee a new two-year statute of limitations period begins running. Although the Court was distinguishing between Chapter 11 trustees and Chapter 7 trustees, as opposed to debtors in possession and Chapter 11 trustees, inherent in the Court's reasoning is the policy that the Bankruptcy Code should not be construed to thwart rehabilitation.

### Bankruptcy Reform Act of 1994

Although not discussed by either of the parties, the Court must address the implications of the Bankruptcy Reform Act which Congress enacted on October 22, 1994. The amended Section 546 reads as follows:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or

(2) the time the case is closed or dismissed

A handful of courts have construed Section 546 after the amendments. The Bankruptcy Reform Act certainly did not quash the debate as to the correct construction of Section 546. *Compare In re Peterson Distributing, Inc.,* 176 B.R. 584 (Bankr.D. Utah 1995); *In re T.G. Morgan, Inc.,* 175 B.R. 702 (Bankr. D.Minn.1994); *In re Farrell & Howard Auctioneers, Inc.,* 172 B.R. 712 (Bankr.D.Mass. 1994) *with In re Dryland Marina, Inc.,* 180 B.R. 487 (Bankr.W.D.Mich.1995); *In re Millers Cove Energy Co., Inc.,* 179 B.R. 77

(Bankr.E.D.Tenn.1995); *In re Superior Toy & Mfg. Co., Inc.,* 175 B.R. 693 (Bankr.N.D.Ill. 1994).

Congress did not intend to settle this controversy with respect to cases filed prior to October 22, 1994. Pursuant to Section 702 of the Bankruptcy Reform Act of 1994, the Act does not apply to cases commenced under the Bankruptcy Code prior to the date of enactment.[5] Therefore, the Court is barred from applying the amended Section 546 to this case. The Court will not look to this Section as some type of guide to Congressional intent and the policies it is seeking to promote. Congress determined that the amendment would not apply retroactively and the Court will follow that edict.

When Congress passed the Bankruptcy Reform Act of 1994, the legislative history was as follows:

Section 216. Limitation of avoiding powers.

This section clarifies section 546(a)(1) of the Bankruptcy Code which imposes a 2-year statute of limitations within which an appointed trustee must bring an avoidance action. The purpose of a statute of limitations is to define the period of time that a party is at risk of suit. This section defines the applicable statute of limitations as 2 years from the entry of an order of relief or 1 year after the appointment of the first trustee if such appointment occurs before the expiration of the original 2-year period.

140 Cong.Rec. H10752–01 (October 4, 1994). Congress clarified the Congressional Record to make clear that the amended 546 is not to be applied retroactively and not to be interpreted to clarify prior law:

[a]doption of this change is not intended to create any negative inference or implication regarding the status of current law or interpretations of section 546(a)(1).

140 Cong.Rec. E2204–01 (October 8, 1994). Any inference that the amended Section 546 should be applied to cases filed prior to the enactment of the Bankruptcy Act is clearly rebutted by the clarification in the Congressional Record. Therefore, in this case, the Court will not imply any "negative inference" to bar the Debtor's cause of action.

## CONCLUSION

Like the *Maxway* Court, this Court recognizes that there are legitimate policy arguments on both sides. 27 F.3d at 984. However, the language of § 546(a)(1) is plain. Section 546 does not state debtors in possession are barred from filing avoidance actions after the two-year limitation period. Further, Section 546 does not include debtors in possession and this Court will not introduce such language into Section 546. If Congress had intended for Section 546 to refer to debtors in possession it would have certainly so specified.

Finding that the statute of limitations in Section 546(a) is not applicable to this matter does not lead to absurd results and is not wholly impracticable. The Court finds that the plain language of the Code as well as the legislative history of the amended Section 546 supports the Court's finding that the statute of limitation does not apply to a debtor in possession. Consequently, Ameron's motion to dismiss is denied and the avoidance action filed by the Debtor is deemed timely filed.

## ORDER

**IT IS HEREBY ORDERED THAT** Ameron's Motion to Dismiss is denied. The complaint by the Debtor is deemed timely filed. This matter is set for status on August 3, 1995 at 10:30 a.m.

---

**5.** There are a few exceptions to this proviso which are not applicable here.